John Heenan
HEENAN & COOK
1631 Zimmerman Trail
Billings, MT 59102
Phone: (406) 839-9091
Fax: (406) 839-9092
john@lawmontana.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| BRANDON RANDLES,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK and BNSF RAILWAY COMPANY,<br><br>Defendants. | Case No.: CV-24-73-GF-JTJ<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff Randles is an individual and resident of the State of Illinois.

2. Defendant National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak") is a corporation organized and existing under the laws of the United States of America with its principal place of business located at 60 Massachusetts Avenue, Washington, D.C. 20002.

3. At all times relevant hereto, Defendant Amtrak, by and through its

railroad interests, has carried out, and continues to carry out, substantial, continuous, and systematic business activities within the state of Montana, and has purposely established significant contacts within Montana.

4. Defendant, BNSF Railway Company ("BNSF"), is a corporation or other legal entity existing under the laws of the State of Delaware, with its principal place of business located at 2650 Lou Menk Drive, Fort Worth, Texas 76131.

5. At all times relevant hereto, Defendant BNSF, by and through its railroad interests, has carried out, and continues to carry out, substantial, continuous, and systematic business activities within the state of Montana, and has purposely established significant contacts within Montana.

6. The injuries and damages alleged in this lawsuit arise out of, and are related to, Defendant BNSF's contacts and activities in the State of Montana.

7. This Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds the jurisdictional threshold, exclusive of costs, is between citizens of different states, and because the Defendants each have certain minimum contacts with the State of Montana such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice, and because the injuries and damages alleged herein arise out of, and are related to, Defendants' contacts and activities in the State of Montana.

8. Venue is proper in this District as the injuries and damages to Plaintiff occurred within this District.

9. Amtrak Empire Builder Train 7/27, a two locomotive, ten passenger car train, departed from Chicago, Illinois on September 24, 2021. At the time there were approximately 141 passengers and at least 14 crew members on board. Empire Builder Train 7/27 was set to travel from Chicago to Seattle, Washington and Portland, Oregon with numerous stops along the way.

10. Throughout the entire journey, Empire Builder Train 7/27 was traveling on tracks owned, operated and maintained by Defendant BNSF Railway Company.

11. Amtrak's Empire Builder train runs along rail lines owned, operated, and controlled by BNSF.

12. Amtrak and BNSF entered into a joint venture whereby Amtrak's Empire Builder train was permitted to operate and run along BNSF's rail lines.

13. Amtrak and BNSF formed this joint venture with the common purpose of profiting from cross-country rail traffic, including from Donald and Marjorie Varnadoe.

14. Amtrak and BNSF share in the profits and losses of this joint venture.

15. Amtrak and BNSF jointly manage and control this joint venture, namely the travel of the Empire Builder train along BNSF's transnational rail line.

16. At approximately 4:00pm on September 25, 2021, Amtrak Empire Builder Train 7/27 derailed near Joplin, Montana at the East Buelow switch point killing at least three people and injuring dozens more.

17. When Empire Builder Train 7/27 derailed, the final four cars were

Plaintiff's Complaint                                    3

violently thrown from the tracks and flipped onto their sides, with the last three becoming completely detached.

18. At the time of the derailment, Plaintiff Randles was preparing to go to the observation car, he felt the train hit what felt like a "bump." After his momentary surprise at how a train could hit a "pothole," he heard a deafening and terrifying sound as his train car rocked violently. Plaintiff was thrown across his room, hit his head, and blacked out. When he awoke, he could still hear the scraping metal of the slowly moving car over the fire alarms. He realized that both his head and his arm were injured. When he looked from his window, he saw the train tracks—a surprising sight because he had thought that the train was traveling on a single track. Of course, Plaintiff was correct and the reason he could see the train track was because his car, along with several others, had in fact left the track when the Empire Builder partially derailed.

19. An Amtrak employee came by and told Plaintiff and his neighbors to return to their cabins. After about 40 minutes waiting with no further instruction and no medical attention, Plaintiff and his fellow passengers were instructed to exit the car so they could be counted. Plaintiff then spent the next several hours standing in the heat with fellow, bloodied passengers while they watched severely injured passengers pulled from the wreckage of the derailed train. During this time waiting, Plaintiff and his fellow passengers received no instructions. No employee had a manifest, no one had Mr. Randles's name, and no one took a head count.

20. Plaintiff suffered and continues to suffer physical and emotional injuries as a result of the derailment.

21. Investigations led by the National Transportation Safety Board ("NTSB") have concluded that both Amtrak and BNSF were at fault for the derailment concluding that a combination of factors including worn rail, vertical track deflection, subgrade instability, and track misalignment - led to the derailment of Amtrak's westbound Empire Builder train on Sept. 25, 2021.

22. This accident and the deaths and destruction it caused was entirely preventable. Sadly, the September 25, 2021, derailment of Empire Builder Train 7/27 is but another in a long list of devastating and fatal train derailments caused by the negligence and carelessness of Defendants Amtrak and BNSF. The Empire Builder train has derailed numerous times in Montana, including:

- March 28, 1979 – Empire Builder derailed in Lohman, Montana injuring 48 people. The NTSB determined that Amtrak's and BNSF's inadequate maintenance and inspections were a cause of the derailment.

- March 14, 1980 – Empire Builder derailed in Glacier Park, Montana injuring 115 people. The NTSB determined that Amtrak's and BNSF's inadequate maintenance and inspection of the tracks caused the derailment.

- August 5, 1988 – Empire Builder derailed in Saco, Montana injuring over 100 people. The NTSB determined that Amtrak's and BNSF's inadequate maintenance and inspection of the tracks and track buckling caused the derailment.

23. Amtrak's and BNSF's repeated failures to ensure the safety of the Empire Builder tracks in Montana despite the numerous devastating derailments

noted above is reckless, utterly outrageous, and demonstrates a wanton and willful disregard of the health and safety of the passengers, including Plaintiff.

24. Amtrak and BNSF owed a duty of care to the passengers aboard Empire Builder Train 7/27, including Plaintiff, to ensure that the train is operated properly and safely and that all tracks, equipment, and switches are properly and safely maintained, inspected, and repaired and in good and safe working condition.

25. Defendants, individually and collectively, breached their duty of care, constituting negligence.

26. Defendants negligent conduct caused Plaintiff's injuries and damages in an amount to be determined at trial.

27. Defendants are common carriers and owed Plaintiff a strict duty to complete his trip without injury or damage. As common carriers, they are responsible for all injuries and damages suffered by Plaintiff.

28. Defendants' conduct, individually and collectively, constitutes malice as that term is defined under Montana law for purposes of allowing the imposition of punitive damages.

**PRAYER FOR RELIEF**

Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants for such damages as may be permitted by law including all

compensatory and punitive damages together with interest, costs, and attorney's fees, and all other relief the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all claims so triable.

Dated: August 23, 2024.                    Respectfully submitted,

*/s/ John Heenan*_____
John Heenan
John@lawmontana.com
**HEENAN & COOK**
1631 Zimmerman Trail
Billings, Montana 59102
Tel: (406) 839-9091

*Counsel for Plaintiff*